**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHAO WANG, | No. 11-73160 |
| Petitioner, | Agency No. A088-292-585 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Chao Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

Wang testified he was arrested while he was praying with friends, hit and kicked for two minutes, detained for eight days, and required to report to the police weekly. Substantial evidence supports the agency's finding that the mistreatment Wang suffered did not rise to the level of past persecution. *See id.* at 1019-21. Substantial evidence also supports the agency's finding that Wang failed to demonstrate a well-founded fear of future persecution, even considering his experience coupled with the country reports. *See Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000) (petitioner needs to adduce "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution."). Accordingly, Wang's asylum claim fails.

Because Wang failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Wang failed to establish that it is more likely than not he will be tortured

by or with the acquiescence of the government of China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**